## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BENEFITS TECHNOLOGIES, LLC, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 10-CV-0561-CVE-FHM** |
| | ) | |
| JOHN STANLEY and | ) | |
| SHAWN NORTON, | ) | |
| | ) | |
| **Defendants.** | ) | |

### OPINION AND ORDER

Now before the Court are the following motions: Defendants' Motion to Dismiss or, in the Alternative, to Transfer Venue to the Eastern District of Pennsylvania (Dkt. # 10), Plaintiff Benefits Technologies, LLC's Motion to Remand (Dkt. # 12), and Defendants' Motion for Leave to Amend Their Notice of Removal to Allege Additional Facts in Support of Diversity Jurisdiction (Dkt. # 14). Defendants ask the Court to dismiss the case for lack of personal jurisdiction or, in the alternative, transfer the case to the United States District Court for the Eastern District of Pennsylvania. Dkt. # 10. Plaintiff Benefit Technologies, LLC (Benefit Technologies) asserts that the Court lacks subject matter jurisdiction, because the notice of removal does not allege sufficient facts to show that the amount in controversy exceeds $75,000. Dkt. # 12. In response to plaintiff's motion to remand, defendants request leave to file an amended notice of removal asserting additional jurisdictional facts to show that the amount in controversy exceeds $75,000. Dkt. # 14.

### I.

Benefit Technologies is an Oklahoma limited liability company with its principal place of business in Sapulpa, Oklahoma, and defendants John Stanley and Shawn Norton are citizens of

Pennsylvania.  Plaintiff alleges that it employed Stanley and Norton from January 1 to May 19, 2010.  Dkt. # 2-1, at 2.  On May 17, 2010, Stanley and Norton notified plaintiff that they would be resigning.  Benefit Technologies' President, Dwight Pierce, held a telephone conference with Stanley and Norton, and advised them that Benefit Technologies would terminate their employment on May 19, 2010 unless they signed non-competition agreements.  Stanley and Norton did not sign the non-competition agreements and plaintiff states that their termination was effective on May 19, 2010.  Id.  Plaintiff alleges that Stanley and Norton actively worked for a new employer while they were still employed by Benefits Technologies, and their new employer was in competition with Benefits Technologies.  Id.

Plaintiff filed this lawsuit in the District Court of Creek County, Oklahoma, alleging claims of breach of fiduciary duty, breach of loyalty, interference with business relationships, and breach of corporate opportunity, and seeks monetary damages in excess of $10,000, as well as declaratory and injunctive relief.  Id. at 3-5.  Plaintiff seeks a permanent injunction that would, inter alia, prevent Stanley and Norton from:

a.      Using, disclosing or transmitting Plaintiff's assets for any purpose and that Defendants be ordered to return, convey and transfer said assets to Plaintiff's Oklahoma office, within twenty-four (24) hours of service of the Court's Order upon Defendants or their legal counsel;

b.      Soliciting, marketing or procuring any business from any client of Plaintiff whom Defendants served or whose names became known to Defendants while in the employ of Plaintiff; and further from accepting any business or account transfers from any of Plaintiff's clients whom Defendants or anyone acting on Defendants' behalf or in concert with Defendants, have solicited at any time in the past for the purpose of doing business with Defendants, all for a period of two years from the termination of Defendants' employment with Plaintiff; . . .

Id. at 6.  Norton and Stanley removed the case to federal court on the basis of diversity jurisdiction.

The notice of removal (Dkt. # 2) states that "there is complete diversity of citizenship" and "the

amount in controversy far exceeds $75,000."  Dkt. # 2, at 2.  There is no dispute that the plaintiff

and defendants are citizens of different states and the parties are completely diverse for the purpose

of 28 U.S.C. § 1332.  In support of their statement that the amount in controversy "far exceeds"

$75,000, defendants allege:

> 9.      In the Petition, Plaintiff seeks injunctive relief, and asks the Court to, *inter alia*, restrain Defendants from directly or indirectly soliciting customers of Plaintiff, restrain Defendants from competing with Plaintiff, and stop Defendants from procuring any business from any client of Plaintiff.
>
> 10.     If Defendants are held to the terms of a non-competition agreement to which they have never assented and which Plaintiff seeks to enforce in this action, Defendants stand to sustain a loss of employment and other damages far in excess of $100,000.

Id. at 3.  Defendants attached to their notice of a removal a copy of plaintiff's petition and any other

documents filed in the state court case, but no additional documents to support defendant's claim

that the amount in controversy exceeds $75,000 - such as affidavits, employment contracts, or copies

of the proposed non-competition agreement - were attached to the notice of removal.

**II.**

Defendants ask the Court to dismiss the case for lack of personal jurisdiction, because

defendants are residents of Pennsylvania and do not have sufficient contacts with Oklahoma to

justify the exercise of personal jurisdiction over them.  Defendants also argue that the Northern

District of Oklahoma is not a proper venue, and the case should be dismissed or transferred to the

Eastern District of Pennsylvania.  Plaintiff claims that the Court lacks subject matter jurisdiction

over this case, because defendant have not alleged sufficient facts to support their assertion that the amount in controversy exceeds $75,000.

**A.**

Plaintiff challenges the Court's subject matter jurisdiction, and this issue should be addressed before the Court considers defendants' motion to dismiss. Plaintiff argues that defendants failed to provide an economic analysis in support of their bare assertion that the amount in controversy exceeds $75,000, and neither the petition nor the notice of removal establishes that the Court has subject matter jurisdiction. Defendants respond that the amount in controversy exceeds the jurisdictional amount, and the Court has jurisdiction over this case. However, defendants' response (Dkt. # 15) includes additional factual allegations and evidence that were not included in the notice of removal. Defendants also request leave to file an amended notice of removal stating additional jurisdictional allegations. Dkt. # 14.

A case must be remanded to state court if at any time before final judgment it appears the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Initially, the Court notes that federal courts are courts of limited jurisdiction. With respect to diversity jurisdiction, "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). In order for a federal court to have diversity jurisdiction, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). The Tenth Circuit has clarified

4

the analysis which a district court should undertake in determining whether an amount in controversy is greater than $75,000.  The Tenth Circuit stated:

> [t]he amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal.  The burden is on the party requesting removal to set forth, in the notice of removal itself, the "underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000]."  Moreover, there is a presumption against removal jurisdiction.

Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995) (citations omitted) (emphasis in original); e.g., Johnson v. Wal-Mart Stores, Inc., 953 F. Supp. 351 (N.D. Okla. 1995) (same); Homolka v. Hartford Ins.. Group, Individually and d/b/a Hartford Underwriters Ins.. Co., 953 F. Supp. 350 (N.D. Okla. 1995) (same); Barber v. Albertson's, Inc., 935 F. Supp. 1188 (N.D. Okla. 1996) (same); Hughes v. E-Z Serve Petroleum Marketing Co., 932 F. Supp. 266 (N.D. Okla. 1996) (applying Laughlin and remanding case); Martin v. Missouri Pacific R.R. Co. d/b/a Union Pacific R.R. Co., 932 F. Supp. 264 (N.D. Okla. 1996) (same); Maxon v. Texaco Ref. & Marketing Inc., 905 F. Supp. 976 (N.D. Okla. 1995) (same); Herber v. Wal-Mart Stores, 886 F. Supp. 19, 20 (D. Wyo. 1995) (same).  Further, "both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." Laughlin, 50 F.3d at 873; see also Associacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia (Anpac) v. Dow Quimica de Colombia S.A., 988 F.2d 559, 565 (5th Cir. 1993) (finding defendant's conclusory statement that "the matter in controversy exceeds [$75,000] exclusive of interest and costs" did not establish that removal jurisdiction was proper); Gaus v. Miles, Inc, 980 F.2d 564 (9th Cir. 1992) (mere recitation that the amount in controversy exceeds $75,000 is not sufficient to establish removal jurisdiction).

5

Where the face of the complaint does not affirmatively establish the requisite amount in controversy, the plain language of Laughlin requires a removing defendant to set forth, in the removal documents, not only the defendant's good faith belief that the amount in controversy exceeds $75,000, but also facts underlying the defendant's assertion. In other words, a removing defendant must set forth specific facts which form the basis of its belief that there is more than $75,000 at issue in the case. The removing defendant bears the burden of establishing by a preponderance of the evidence federal court jurisdiction at the time of removal, and not by supplemental submission. Laughlin, 50 F.3d at 873; Herber, 886 F. Supp. at 20 (holding that the jurisdictional allegation is determined as of the time of the filing of the notice of removal). The Tenth Circuit has clearly stated what is required to satisfy that burden. As set out in Johnson v. Wal-Mart Stores, Inc., 953 F. Supp. 351 (N.D. Okla. 1995), if the face of the petition does not affirmatively establish that the amount in controversy exceeds $75,000.00, then the rationale of Laughlin contemplates that the removing party will undertake to perform an economic analysis of the alleged damages with underlying facts.

The Tenth Circuit has recently clarified the defendant's burden to establish facts supporting the amount in controversy by a preponderance of the evidence. In McPhail v. Deere Co., 529 F.3d 947 (10th Cir. 2008), the Tenth Circuit described the historical roots of diversity jurisdiction and noted that diversity jurisdiction was designed to protect out of state defendants from prejudice in state courts. Id. at 953. However, both Supreme Court and Tenth Circuit precedent places the burden on the removing defendant to establish diversity jurisdiction with "actual proof of jurisdictional facts . . . at a stage in the litigation when little actual evidence is yet available." Id. Under McPhail, the defendant bears the burden to prove the jurisdictional facts by a preponderance

of the evidence and, once the jurisdictional facts are established, uncertainty about the amount the plaintiff may recover justifies dismissal only if it is "legally certain" that plaintiff could not recover in excess of $75,000. Id. at 955 (citing Meridian Security Ins. Co. v. Sadowski, 441 F.3d 536, 543 (7th Cir. 2006)). The Tenth Circuit identified several methods that a removing defendant may use to prove the jurisdictional facts by a preponderance of the evidence when the complaint relies on state court pleading rules that do not require the plaintiff to allege a specific amount of damages. First, the defendant may rely on facts stated in the complaint to estimate the amount of damages plaintiff is seeking. Id. at 955-56. Second, a defendant may rely on other documents, such as discovery responses, affidavits, or other "summary-judgment-type evidence" that may be in defendant's possession. Id. at 956 (citing Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002)). Third, any settlement offers between the parties suggesting that the amount in controversy exceeds $75,000 should be considered by the district court. Id. at 956.

The Court must first consider whether the allegations of the petition and notice of removal establish that the amount in controversy exceeds the jurisdictional amount. Id. at 955-56. The petition simply states that plaintiff seeks monetary damages in excess of $10,000, declaratory relief, and a permanent injunction, and it is not clear from the petition that the amount in controversy exceeds $75,000. The notice of removal includes two factual allegations as support for defendants' argument that the amount in controversy requirement is satisfied. First, the notice of removal states that the injunctive relief sought by plaintiff would prohibit defendants from competing with plaintiff and from conducting any business with a client of plaintiff. Dkt. # 2, at 3. Second, defendants state they will be unable to continue their current employment if the non-competition agreements are enforced, and this will result in damages "far in excess of $100,000." Id. However, plaintiff is

7

correct that defendants have not provided an economic analysis of the amount in controversy in the notice of removal, and the conclusory allegations of the petition and notice of removal do not establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. The mere allegation of non-competition does not establish that plaintiff is seeking a particular amount of damages or that the issuance of an injunction will cause defendants economic harm exceeding $75,000. Although the Tenth Circuit follows the "either viewpoint rule" when determining the amount in controversy as to injunctive or declaratory relief, this does not relieve of defendants of their burden to show that the value of the relief to the plaintiff or the cost to defendants actually exceeds $75,000. See Lovell v. State Farm Mut. Auto. Ins. Co., 466 F.3d 893, 897 (10th Cir. 2006); City of Moore, Oklahoma v. Atchison, Topeka, & Santa Fe Ry. Co., 699 F.2d 507, 509-10 (10th Cir. 1983). Defendants' conclusory allegation that enforcement of plaintiff's proposed non-competition agreement will result in damages "far in excess of $100,000" does not constitute an economic analysis of the amount in controversy, and facts alleged in the petition and notice of removal do not show by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Defendants also rely on factual allegations not contained in the petition or notice of removal in an attempt to show that the amount in controversy requirement is satisfied. However, the Tenth Circuit has consistently held that reference to factual allegations or evidence outside of the petition and notice of removal is not permitted to determine the amount in controversy, and the Tenth Circuit reaffirmed this rule in McPhail. McPhail, 529 F.3d 947, 957 (10th Cir. 2008); Oklahoma Farm Bureau Mut. Ins. Co. v. JSSJ Corp., 149 Fed. Appx. 775 (10th Cir. Sep. 8, 2005)[1]; Laughlin, 50 F.3d

---

[1]    Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

at 873.  In fact, the Tenth Circuit has expressly rejected the argument that a defendant may provide a post-removal economic analysis of the amount in controversy using facts outside of the petition or notice of removal.  Martin, 251 F.3d at 1291 n.4.  In this case, defendants' response to plaintiff's motion to remand shows that defendants were aware of additional facts at the time they removed the case to federal court, but did not allege all of these facts in the notice of removal.  Even assuming that defendants could now establish that the amount in controversy exceeds $75,000, defendants were obligated to allege all necessary jurisdictional facts in the notice of removal.  See Freebird, Inc. v. Merit Energy Co., 597 F. Supp. 2d 1245, 1249 (D. Kan. 2009).

Defendants request leave to file an amended notice of removal alleging additional jurisdictional facts "clarifying" that the amount in controversy requirement is satisfied.  Dkt. # 14, at 7.  Under 28 U.S.C. § 1653, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."   The Supreme Court has interpreted § 1653 to permit amendments only to "incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves."  Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 831 (1989).  The Tenth Circuit has permitted jurisdictional discovery and the amendment of a notice of removal to clarify contested jurisdictional facts, such as when the parties dispute the citizenship of a party under § 1332.  Jenkins v. MTGLQ Investors, 218 Fed. Appx. 719, 723 (10th Cir. Feb. 9, 2007)[2]; Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1523 (10th Cir. 1991).  However, there are no cases suggesting that the Tenth Circuit would permit a defendant to amend its notice of removal to provide an economic analysis of the amount in controversy that was

---

[2]     Unpublished decisions are not precedential, but may be cited for their persuasive value.  See Fed. R. App. 32.1: 10th Cir. R. 32.1.

absent in the notice of removal, especially when the request to amend the notice of removal is made after the plaintiff files a motion to remand.

Defendants cite cases from federal district courts allowing amendments to the notice of removal to "clarify" jurisdictional allegations. See McEntire v. Kmart Corp., 2010 WL 553443 (D.N.M. Feb. 9, 2010) (court allowed an amendment to the notice of removal to reflect the state of plaintiff's "citizenship," rather than "residence," as stated in the notice of removal); Williams v. W.C. Bradley Co., 2008 WL 2390819 (W.D. Okla. June 9, 2008) (permitting amendment to allow defendant to attach a photograph to the notice of removal); Mason v. Thompson, 2006 WL 1134939 (W.D. Okla. Apr. 27, 2006) (denying motion to amend notice of removal to allow allegations of fraudulent joinder, but granting the motion to allow the defendant to correct the citizenship of the parties); McCall v. Greyhounds Lines, Inc., 1998 WL 865626 (S.D.N.Y. Dec. 11, 2008) (granting motion to amend to permit the defendant to make "technical" corrections to notice of removal). However, the cases permitting amendments to the notice of removal have generally allowed an amendment to cure only a clerical error or incorrect statement of citizenship, and none of these cases authorized a defendant to file an amended notice of removal alleging a new set of jurisdictional facts. Federal courts do not consider supplemental submissions bolstering a defendant's argument that the amount in controversy exceeds the jurisdictional amount, and defendant's amended notice of removal would be a prohibited supplemental submission. See Allison v. Metropolitan Life Ins. Co., 2007 WL 1160329 (N.D. Okla. Apr. 17, 2007); Flowers v. EZPawn Oklahoma, Inc., 307 F. Supp. 2d 1191, 1993 (N.D. Okla. 2004); Herber v. Wal-Mart Stores, 886 F. Supp. 19, 20 (D. Wyo. 1995).

Defendants were in possession of facts that might have supported their argument that the amount in controversy exceeds $ 75,000, but failed to include these facts in the notice of removal. There is no authority suggesting that a defendant may file an amended notice of removal to allege new jurisdictional facts after the plaintiff has filed a motion to remand.  In <u>Shilog, Ltd. v. Cardinal Health, Inc.</u>, 2007 WL 1231796 (E.D. Okla. Apr. 25, 2007), the court stated:

> If the required underlying facts are not contained on the face of the Notice of Removal, the removing party has failed in his burden to establish jurisdiction. Indeed, the Tenth Circuit has recognized the inability to engage in an after-the-fact shoring up of a deficient Notice of Removal by subsequent supplemental submissions.

<u>Id.</u> at *2.  The Court agrees with the reasoning stated in <u>Shilog</u>.  If the Court were to allow a defendant to amend the notice of removal with new facts showing that the amount in controversy exceeds the jurisdictional amount, a defendant could always defeat a motion to remand by amending the notice of removal in response to a motion to remand.  This is clearly not the intention of the removal statutes, and defendants will not be permitted to file an amended notice of removal.  The jurisdictional facts alleged in the petition and notice of removal do not show by a preponderance of the evidence that the amount in controversy exceeds $75,000 and this case should be remanded to state court for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that Plaintiff Benefits Technologies, LLC's Motion to Remand (Dkt. # 12) is **granted**, and Defendants' Motion for Leave to Amend Their Notice of Removal to Allege Additional Facts in Support of Diversity Jurisdiction (Dkt. # 14) is **denied**.  **The Court Clerk is directed to remand this case the District Court of Creek County.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss or, in the Alternative,

to Transfer Venue to the Eastern District of Pennsylvania (Dkt. # 10) is **moot**.

**DATED** this 16th day of November, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT